HOUSTON, Justice
(dissenting).
Gulf States Steel, Inc., was in bad financial condition during the latter part of 1992 and early 1993. As a cost-cutting measure, Gulf States proposed, and its employees’ union accepted, a plan to reduce the work force by 224 employees and to make other changes in working conditions. A “reduction inducement agreement” was proposed to Gulf States employees. Employees were told of *173 this “agreement” by the following “notification”:
“The undersigned, a Gulf States Steel employee, hereby acknowledges to the Company that he/she consents to be permanently terminated in other than seniority order under the terms and conditions of the Gulf States Steel Reduction Inducement Agreement. I understand that this will be a permanent termination of my employment by Gulf States Steel, and in consideration of the payments to be made to me of the amounts and benefits described in the Reduction Inducement Agreement between Gulf States Steel and United Steelworkers Union, I waive and release any rights to employment or reemployment with the Company that I may have. I also understand and agree that this Notification is irrevocable and will become final and binding on both the Company and me at the time of delivery to and acceptance and approval of the Company.

“If terminated, I understand that I will receive benefits provided for in the Reduction Inducement Agreement under the terms of that Agreement.”

(Emphasis added.)
Certain employees agreed to this, signed the “notification” form, voluntarily resigned, received the benefits provided under the reduction inducement agreement, and then filed for unemployment compensation benefits. Benefits were denied. Forty-nine employees appealed to an unemployment compensation appeals referee. The referee affirmed the denial. The employees appealed to the Board of Appeals for the Department of Industrial Relations, which, following a hearing, held that voluntary resignation in anticipation of a pending reduction in force did not provide good cause for quitting work, where the effects the reduction in force would have had on each individual worker were speculative. The Board disqualified the claimants under Ala. Code 1975, § 25-4-78(2). The employees appealed to the Etowah County Circuit Court, which, following a de novo hearing, ruled in favor of the employees. The Department of Industrial Relations appealed to the Court of Civil Appeals, which affirmed the judgment of the circuit court. The Department has petitioned for certio-rari review. I would grant the review. Each of these employees “waive[d] and release[d] any rights to employment” voluntarily and each was compensated by Gulf States for doing so.
In my opinion, these employees “bought the farm” by accepting compensation for voluntarily resigning, rather than waiting to see if they would be terminated and, therefore, entitled to unemployment compensation.
MADDOX, J., concurs.